[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR MODIFICATION POST LITE (186)
The current orders now sought to be modified were entered on May 11, 2001 (see Memo of Decision #176.10). At that time the court found that the defendant's annual income was $129,480 derived from a base salary plus commissions. He was ordered to pay child support for their two minor children $1235 monthly commencing June 1, 2001, reduced to $735 for July and August as current support and the $500 balance applied to the arrearage found to be $22,600. In addition, he was ordered to pay $215 monthly in reduction thereof.
On June 1, 2001 the defendant's employer reduced the defendant's compensation by deleting all of his 2% commission overrides, annualized as a reduction of $37,600. He still earns commissions on his own sales which have averaged $196 weekly since July. His gross weekly earnings are found to be $1350 weekly or $70,200 annually. The defendant has proven that a substantial change in his financial circumstances has occurred since the entry of the May 11, 2001 orders. CT Page 110
The court finds that the plaintiff's financial circumstances have not changed. In May the court found the plaintiff's gross income to be $83,412 with an additional $16,000 anticipated bonus for a total of $99,412. She now lists her gross salary as $81,275 with an additional $16,000 bonus or $1871 weekly. The children continue to live in Minnesota with their mother while the father continues to reside in Connecticut. The visitation arrangements remain the same. Although the court is instructed to apply all of the criteria recited in the applicable statutes and relevant case law, the one substantial change is the net income of the defendant.
The current order was entered after the court found that the combined net income of both parties exceeded the child support guidelines and that the presumptive minimum level of child support was $582 per week, "including a contribution toward unreimbursed medical expenses, child care and the accumulated arrearage". The court found the agreement of the parties dated December 20, 2000 to be fair and equitable and ordered it as the visitation arrangement between the parties. It did not fix the apportionment of expenses in implementing the agreement. The court did so in Order #4. This court is not altering that agreement or said order. The court ordered the defendant to pay to the plaintiff monthly child support of $1235 or $287.21 weekly except during July and August when the obligation is reduced to $735 monthly or $170.93 weekly. The deviation from the presumptive minimum of $582 weekly to $285.22 weekly approximates slightly more than a 50% discount in allowing for extraordinary travel expenses of the defendant in exercising his visitations in Minnesota.
The court has analyzed the child support guidelines worksheet submitted by each party and finds the plaintiff's substantially accurate. It lists plaintiff's net income as $1,422 and the defendant's as $927 for a combined net income of $2,350. The schedule states that the basic weekly obligation is $541 to which is added $77 for the children's health insurance premium, a total of $618 with 60.55% allocated to the plaintiff and 39.45% allocated to the husband for a recommended order of $243. Next is the adjusted net income with 24.78% allocated to the defendant after deducting the basic support amount. The qualifying cost of $204 paid by the plaintiff in excess of the child care credit is then allocated by applying 24.78% to determine the defendant's share as $51 for a total child support order of $294 weekly or $1,273.02 monthly. The plaintiff's guidelines worksheet is attached hereto for reference.
The court, in May, 2001, found an arrearage of $22,600 based on the parties' stipulation and ordered the defendant to pay $215 monthly on the balance until paid in full. The defendant admits to a current arrearage CT Page 111 of $21,920 as shown on his current financial affidavit. Subject to audit the statement is accepted and so found by this court.
This court has serious concern regarding the defendant's financial affidavit. The mortgage installment lists $825 weekly installment with a footnote "Does not pay currently due to lender's refusal to accept payments pending inactive foreclosure proceeding". Since this obligation is the largest listed this court takes judicial notice of the file (CV 99 0175544 S) Champion Mortgage v. Joseph Frey et al, returned to this court on December 14, 1999. The original principal amount is $384,000 executed by Joseph Frey on or about October 15, 1998. The same lender holds a second mortgage in the original principal amount of $48,000 executed on or about the same date. The Town of Greenwich is owed taxes which the defendant lists as $16,338, alleged in the foreclosure to begin with the Grand List of October 1, 1997. He lists unpaid Federal and state income taxes totaling $31,931 for 1998, 1999 and 2000. He lists $63,859.52 owed to the law firm representing him in this action. He admitted he did not pay any child support after May 27, 2001 until the wage withholding went into effect on or about August 9, 2001. He did pay down $2,600 to a Jamie O'Connor during 2001 on a debt. He has visited his children in Minnesota once since August, 2001. His financial affidavit states much higher travel expenses than the actual cost he incurred for the one trip. He lists total liabilities of $165,349.31 in addition to unpaid child support of $21,920. The court finds that the defendant is insolvent; that he has not taken advantage of the deviation of child support to facilitate visitation and that any deviation given him, based on extraordinary visitation expenses, will not assist his visits in the future. Therefore, since the plaintiff now has the protection of the wage garnishment, the court, instead of making a deviation via deduction in the support order, will require the plaintiff to create a travel escrow by setting aside from each weekly child support payment received by her the sum of $100 from which future visits can be funded.
The defendant shall pay $294 weekly child support, first such payment due February 1, 2002. The wage withholding order remains in effect. The arrearage order remains in effect. The defendant may continue with visits to Minnesota at his expense and, upon submission of charges for airline tickets, hotel bills and rental cars to the plaintiff, shall be reimbursed for same from the travel escrow to the extent possible from the money in the escrow account. The summer hiatus remains in effect in that, while both children are in his care, in lieu of child support he shall pay only the $215 monthly arrearage, in recognition of the travel expenses of the defendant.
The defendant's request for a retroactive order is denied. The remaining orders entered on May 11, 2001 remain in effect except as CT Page 112 modified herein. No attorney's fees are awarded.
So Ordered.
HARRIGAN, J.T.R.
 STATE OF CONNECTICUT COMMISSION FOR CHILD SUPPORT GUIDELINES WORKSHEET for the Connecticut Child Support and Arrearage Guidelines
Mother Father Custodian Kathleen Frey Joseph Frey [] MOTHER FATHER OTHER CUSTODIAN
Court D.N. Case No. Number of Children 2 Name of Child Date of Birth Name of Child Date of Birth
I. NET INCOME (Weekly amounts) Kathleen Joseph
1. Gross income (attach verification) $1,871 $1,350
2. Federal income tax (allowable exemptions, deductions credits) 326 261
2a. Eliminate refundable earned income credit on line 2 0 0
3. State and local income tax (allowable exempt, deductions, cr) 0 58
4. Social Security tax 96 84
4a. Mandatory retirement 0 0
5. Medicare tax 27 20
6. Health insurance premiums (other than child) 0 0
7. Mandatory union dues or fees 0 0
8. Non-arrearage payments — court ordered alimony child support 0 0
9. Imputed support obligation for qualified child 0 0 CT Page 113 (Current spt all children/total children X # qualified children)
10. Sum of lines 2-9 $449 $423
11. Net Income (line 1 minus line 10) $1,422 $927
II. CURRENT SUPPORT
12. Combined net weekly income (rounded to nearest $10) $2,350
13. Basic child support obligation (from schedule) $541
14. Check here if noncustodial parent is a low-income obligor
15. Child's health insurance premium $77 $0
16. Total current spt obligation (line 13 minus noncustodial parent's line 15 amount if line 14 is checked-line 13 + line 15 total for all other cases) $618
17. Each parent's share of line 12 (If line 14 is checked, skip this line 60.55% 39.45% and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18)
18. Each parent's share of the total current support obligation (line 17 times line 16 for each parent) $374 $243
19. Health insurance premium adjustment $0
20. Social Security dependency benefits adjustment $0
21. Sum of lines 19 and 20 (for each parent) $0
22. Presumptive current support amounts $243
23. Recommended current support order CT Page 114 (Noncustodial parent only. If different from line 22 amount, explain on line 47) $243
III. UNREIMBURSED MEDICAL EXPENSE
24. Net disposable income (line 11 plus line 23 for custodial parent; line 11 minus line 23 for noncustodial) $1,767 $582
25. Each parent's share of combined net disposable income (each parent's line 24 divided by sum of line 24 amounts) 75.22% 24.78%
IV. CHILD CARE CONTRIBUTION
26. Qualifying costs (enter contribution amount on line 43) $204 $0
V. ARREARAGE
27. Delinquencies on current support orders $0
28. Unpaid court-ordered arrearages 0
29. Support due for periods prior to support action (not court-ordered) 0
30. Total arrearages $0
VI. ARREARAGE PAYMENT
31. Current support order from line 23 (or imputed support obligation if $0 there is no current support order or child is living with the obligor)
32. 20% of line 31 $0
 — (if line 14 is checked, skip line 32 and go to line 37)
 — (if the child for whom the arrearage is owed is deceased, emancipated, or CT Page 115 over 18, skip line 32 and go to line 39)
 — (if the child is living with the obligor, skip lines 33-39 and:
 (1) if the obligor's gross income is not more than 250% of poverty level enter $1 on line 40; OR
 (2) if the obligor's gross income is greater than 250% of poverty level, enter line 32 amount on line 40)
33. Obligor's line 11 amount $0
34. 55% of line 33 0
35. Line 34 minus line 31 0
36. Lesser of line 32 or line 35 (Enter here and on line 40 and skip lines 0 37-39)
37. 10% of line 31 0
38. Greater of line 37 or $1 (Enter here and on line 40) 0
39. 50% of line 31 (Enter here and on line 40) 0
40. Recommended arrearage payment $0 (If different from line 45, explain on line 47)
VII. ORDER SUMMARY
41. Current support order $243
42. Unreimbursed medical expense order $0
43. Child care contribution $51
To State To Family
44. Total arrearage $0 $0
45. Arrearage payment order $0 $0 CT Page 116
46. Total child support award: $294
VIII. DEVIATION CRITERIA
47. Reasons for deviation from presumptive support amounts and/or arrearage guideline:
Prepared By Title of Preparer Date Prepared